UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZUBEARU BETTIS,

                    Plaintiff,

          v.

ROBERTO GRIJALVA, et al.,

                    Defendants.

No. 21 Civ. 7505 (JPC) (GWG)

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274
Email: mollie.kornreich@usdoj.gov

MOLLIE KORNREICH
Assistant United States Attorney
– Of Counsel –

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 2

    I.    PLAINTIFF'S ALLEGATIONS ............................................................... 2

    II.   PROCEDURAL HISTORY .......................................................................... 3

LEGAL STANDARD ............................................................................................................ 4

    I.    THE MOTION TO DISMISS STANDARD ............................................... 4

    II.   THE SUMMARY JUDGMENT STANDARD ............................................ 5

ARGUMENT ....................................................................................................................... 5

    I.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ................................................ 5

        A.   PLAINTIFF FAILED TO EXHAUST MANDATORY ADMINISTRATIVE REMEDIES ................................................................. 5

        B.   PLAINTIFF'S FAILURE TO EXHAUST SHOULD NOT BE EXCUSED ......... 7

    II.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE A BIVENS REMEDY IS NOT AVAILABLE IN THIS CONTEXT ............................................ 8

        A.   PLAINTIFF'S CLAIMS PRESENT NEW BIVENS CONTEXTS .................... 10

        B.   SPECIAL FACTORS COUNSEL AGAINST EXTENDING A BIVENS CAUSE OF ACTION TO PLAINTIFF'S CLAIMS ........................................ 12

    III.  PLAINTIFF FAILS TO STATE A CLAIM FOR INADEQUATE MEDICAL CARE ON WHICH RELIEF CAN BE GRANTED ............................................. 14

    IV.  NOT ALL DEFENDANTS WERE ALLEGEDLY INVOLVED IN THE CONDUCT UNDERLYING EACH CLAIM ............................................................. 16

    V.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED.. 17

CONCLUSION .................................................................................................................. 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986)..................................................................................... 5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)........................................................................... 4, 15, 16

*Batista v. Patterson,*
   No. 20 Civ. 5688 (JPC), 2021 WL 4429325 (S.D.N.Y. Sept. 27, 2021).................. 5, 7, 8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...................................................................................... 2, 4

*Bearam v. Sommer,*
   12 Civ. 1858 (RJS), 2013 WL 5405492 (S.D.N.Y. Sept. 25, 2013)......................... 14, 15

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
   403 U.S. 388 (1971)....................................................................................... 1, 8

*Caidor v. Onondaga Cty.,*
   517 F.3d 601 (2d Cir. 2008)............................................................................ 5

*Cantor Fitzgerald Inc. v. Lutnick,*
   313 F.3d 704 (2d Cir. 2002)............................................................................ 4

*Carlson v. Green,*
   446 U.S. 14 ......................................................................................... 9, 11, 12, 13

*Cortec Indus., Inc. v. Sum Holding L.P.,*
   949 F.2d 42 (2d Cir. 1991)............................................................................. 7

*Davis v. Passman,,*
   442 U.S. 228, (1979)...................................................................................... 9

*Egbert v. Boule,*
   142 S. Ct. 1793 (2022)........................................................................ 9, 10, 11, 13

*Estelle v. Gamble,*
   429 U.S. 97 (1976)......................................................................................... 14

*Farmer v. Brennan,*
   511 U.S. 825 (1994)....................................................................................... 14

*Ferguson v. Cai,*
   *No*. 11 Civ. 6181 (PAE), 2012 WL 2865474 (S.D.N.Y. July 12, 2012) ..................... 14

Fifth Amendment.,
   442 U.S. 228 (1979)...................................................................................... 9, 11

*Girard v. Chuttey,*
   826 F. App'x 41 (2d Cir. 2020)........................................................................ 7

*Hernandez v. Mesa*,
    140 S. Ct. 735 (2020) ............................................................................................ 9

*Higazy v. Templeton*,
    505 F.3d 161 (2d Cir. 2007) ............................................................................... 17

*Jusino v. Gallagher*,
    No. 21 Civ. 689 (SRU), 2021 WL 3726010 (D. Conn. Aug. 23, 2021) ........................ 16

*Lewis v. Eldridge*,
    No. 13 Civ. 01485 (ALC), 2016 WL 1718253 (S.D.N.Y. Apr. 27, 2016) ...................... 7

*Lowman v. Baird*,
    No. 16 Civ. 6518 (VSB), 2017 WL 6403519 (S.D.N.Y. Dec. 14, 2017) ..................... 7, 8

*Macias v. Zenk*,
    495 F.3d 37 (2d Cir. 2007) ................................................................................... 5

*Martinez v. Aycock-West.*,
    164 F. Supp. 3d 502 (S.D.N.Y. 2016) ................................................................... 4

*Minneci v. Pollard*,
    565 U.S. 118 (2012) ........................................................................................... 13

*Morgan v. Shivers*,
    No. 14 Civ. 7921 (GHW), 2018 WL 618451 (S.D.N.Y. Jan. 29, 2018) ................... 12, 13

*Morrison v. United States*,
    No. 17 Civ. 6779 (WHP), 2019 WL 5295119 (S.D.N.Y. Oct. 18, 2019) ..................... 10

*Negron v. United States*,
    No. 19 Civ. 05442 (PMH), 2020 WL 5634304 (S.D.N.Y. Sept. 21, 2020) ................... 17

*Nisvis v. New York State Dep't of Corr. Servs.*,
    No. 11 Civ. 2004 (PGG) (GWG), 2013 WL 4757839 (S.D.N.Y. Sept. 4, 2013) ............ 14

*Porter v. Nussle*,
    534 US 516 (2002) ............................................................................................... 5

*Ramirez v. Tatum*,
    No. 17 Civ. 7801 (LGS), 2018 WL 6655600 (S.D.N.Y. Dec. 19, 2018) ................. 10, 13

*Rivera v. Samilo*,
    370 F. Supp. 3d 362 (E.D.N.Y. 2019) ................................................................... 13

*Ross v. Blake*,
    578 U.S. 632 (2016) .......................................................................................... 7, 8

*Salahuddin v. Goord*,
    467 F.3d 263 (2d Cir. 2006) ............................................................................. 13, 14

*Schulte v. Bureau of Prisons*,
    No. 20 Civ. 2795 (PGG) (GWG), 2022 WL 1468017 (S.D.N.Y. May 10, 2022) ........... 10

*Scott v. Quay*,
    No. 19 Civ. 1075 (MKB) (SMG), 2020 WL 8611292 (E.D.N.Y. Nov. 16, 2020) ........... 11

*Sledge v. Fein*,
  No. 11 Civ. 7450 (PKC), 2013 WL 1288183 (S.D.N.Y. Mar. 28, 2013) .................. 14, 15

*Smith v. Carpenter*,
  316 F.3d 178 (2d Cir. 2003) .................................................................................. 14, 15

*Sykes v. Bank of Am.*,
  723 F.3d 399 (2d Cir. 2013) ......................................................................................... 4

*Thomas v. Metro. Correction Ctr.*,
  No. 09 Civ. 1769 (PGG), 2010 WL 2507041 (S.D.N.Y. June 21, 2010) .......................... 7

*Valverde v. Folks*,
  No. 19 Civ. 08080 (MKV), 2022 WL 836310 (S.D.N.Y. Mar. 21, 2022) ........................ 8

*Williams v. Correction Officer Priatno*,
  829 F.3d 118 (2d Cir. 2016) ......................................................................................... 8

*Woodford v. Ngo*,
  548 U.S. 81 (2006) ....................................................................................................... 6

*Wright v. Smith*,
  21 F.3d 496 (2d Cir. 1994) ......................................................................................... 16

*Ziglar v. Abbasi*,
  137 S. Ct. 1843 (2017) ...................................................................................... 9, 10, 13

**Statutes**

28 U.S.C. § 2679(b) ......................................................................................................... 12

28 U.S.C. § 2680(h) ........................................................................................................ 12

42 U.S.C. § 1983 ............................................................................................................. 16

42 U.S.C. § 1997e ........................................................................................................... 13

42 U.S.C. § 1997e(a) ..................................................................................................... 1, 5

**Regulations**

28 C.F.R. § 542.10(a) ........................................................................................................ 6

28 C.F.R. § 542.13(a) ........................................................................................................ 6

28 C.F.R. § 542.14(a) ........................................................................................................ 6

28 C.F.R. § 542.15(a) ........................................................................................................ 6

28 C.F.R. § 542.18 ............................................................................................................ 6

Defendants Roberto Grijalva, Jermaine Darden, Marti Licon-Vitale, Cody Kizzier, Yoon Kang, and Angelo Jordan (collectively, the "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Zubearu Bettis's Complaint (Dkt. No. 2 ("Compl.")) pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## PRELIMINARY STATEMENT

Plaintiff alleges that in December 2019, while he was incarcerated at the Metropolitan Correction Center ("MCC"), a correctional officer, Defendant Grijalva, injured him through use of excessive force. Plaintiff further alleges that the other Defendants did not provide adequate medical care for his injuries, initially at Grijalva's instruction, or were engaged in a "cover up" of the assault. There claims should not be permitted to proceed for several reasons. First, Plaintiff failed to exhaust his administrative remedies prior to filing this action, as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). Second, Plaintiff's claims must be dismissed because the Supreme Court has not recognized a cause of action for money damages against individual defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in the context presented by Plaintiff's claims here, and special factors counsel against implying one. Third, Plaintiff has failed to state an Eighth Amendment claim for inadequate medical care; the Complaint does not plausibly allege that the care Plaintiff received was constitutionally inadequate. Fourth, and finally, Plaintiff has failed to allege that each Defendant was involved in the conduct underlying each of his claims. As a result, even if Plaintiff's claims were to survive, they should be dismissed as against certain Defendants.

## BACKGROUND

### I.    PLAINTIFF'S ALLEGATIONS[1]

Plaintiff is a federal prisoner incarcerated at United States Penitentiary Lee. (*See* Dkt. No. 41 (notice of address change).) Plaintiff alleges that on December 18, 2019, while he was incarcerated at the MCC, Defendant Grijalva removed him from his cell for pretextual reasons, "grabbed [him] around [his] arms" while he was handcuffed, and "slammed [him] to the ground," hurting Plaintiff's right knee and testicles. (Compl. at 4.) That night, Plaintiff allegedly had blood in his urine and swollen testicles. (*Id*.) Plaintiff alleges that he informed Defendant Kang, a physician assistant, multiple times that he was assaulted by Defendant Grijalva, but she "did not reply." (*Id*.) Plaintiff also allegedly "told" Defendant Darden and "wrote a complaint that was given to [Defendant] Kizzier that [Plaintiff] was slammed and injured by CO Grijalva and being refused medical treatment." (*Id*.) Plaintiff alleges that certain medical permits of his were revoked on the instruction of Defendants Darden and Grijalva. (*Id*.)

On December 26, 2019, Plaintiff allegedly "had to set fire to [himself] in [his] cell before [he] was taken to medical." *(Id*.) Defendant Kang allegedly misdiagnosed Plaintiff with an infection "to cover up the assault" and prescribed an antibiotic that "almost killed [Plaintiff]" by tightening his throat. (*Id*. at 4-5.) Plaintiff alleges that he had a "sonogram," but did not receive the results, and he was given a hernia belt. (*Id*. at 5.) Plaintiff alleges that he suffered a tear in his knee ligament and swollen testicles and continues to have pain in his scrotum. (*Id*.)

Plaintiff further alleges that Defendants attempted to "cover up" the fact that he was injured by Defendant Grijalva by giving Plaintiff a "misbehavior assault charge" for the incident. (*Id*.)

---

[1] Defendants accept Plaintiff's factual allegations in the Complaint as true for purposes of this motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

When Plaintiff challenged that charge, Defendant Jordan, the disciplinary hearing official ("DHO"), "concluded that he saw the video and [Plaintiff] assaulted" Defendant Grijalva. (*Id.*) Defendant Grijalva was promoted (to Lieutenant) and Plaintiff alleges that when Plaintiff informed Defendant Licon-Vitale, who was then Warden of MCC, of the alleged assault, she said, "I know, I promoted him." (*Id.*)

Plaintiff asserts that Defendants violated his federal constitutional rights and seeks damages in the amount of $200 million as well as an order that Defendants be "fired." (*Id.* at 2, 5.) The Complaint does not specify which constitutional rights Defendants allegedly violated. Based on the allegations, Defendants construe the Complaint as asserting Eighth Amendment claims for use of excessive force and inadequate medical care and a First Amendment claim for retaliation.[2]

## II. PROCEDURAL HISTORY

Plaintiff never filed a formal administrative grievance regarding the alleged assault by Officer Grijalva, the allegedly deficient medical care, or any claims that he was retaliated against for complaining of the assault. (Defendants' Rule 56.1 Statement ("Def. R. 56.1") ¶¶ 3-5.) Plaintiff filed an administrative appeal ("BP-10") from a disciplinary hearing determination on January 27, 2020. (*Id.* ¶ 4.) That submission was rejected on the grounds that it was illegible. *Id.* Plaintiff subsequently filed four additional BP-10s relating to that disciplinary hearing determination in 2020 and 2021, two of which were rejected due to defects in the submission and two of which were rejected as untimely. *Id.* Plaintiff never administratively appealed those rejections. *Id.* at ¶ 5. Plaintiff filed the Complaint in this action on September 8, 2021.

---

[2] The Complaint does not specify the dates on which Plaintiff allegedly complained to Defendants Darden and Kizzier regarding the assault, but the order in which the allegations appear in the Complaint suggests that Plaintiff may be asserting that the alleged revocation of his medical permits and deprivation of medical treatment were retaliatory.

## LEGAL STANDARD

### I.    THE MOTION TO DISMISS STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56. While "detailed factual allegations" are not required, Rule 8(a)(2) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Simply offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

To withstand a motion to dismiss, a complaint must contain sufficient facts that state a plausible claim for relief. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But courts need not give "credence to plaintiff's conclusory allegations." *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (internal quotation marks and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

In a case brought by a *pro se* plaintiff, a court must "construe [ ] [the] [Complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s].'" *Martinez v. Aycock-West.*, 164 F. Supp. 3d 502, 508 (S.D.N.Y. 2016) (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). But "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (internal quotation

marks omitted) (citing *Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[*P*]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.")).

## II.    THE SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To demonstrate that a fact is genuinely in dispute, an opposing party must "cite[] to particular parts of materials in the record." *See* Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986) (internal citations omitted).

## ARGUMENT

## I.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

### A.    Plaintiff failed to exhaust mandatory administrative remedies

The PLRA requires a prisoner to exhaust available administrative remedies before filing any lawsuit challenging prison conditions. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 US 516, 524 (2002). This requirement is mandatory and applies to *Bivens* claims relating to excessive force, inadequate medical treatment, and retaliation. *See Porter*, 534 US at 524; *Macias v. Zenk*, 495 F.3d 37, 40-43 (2d Cir. 2007); *Batista v. Patterson*, No. 20 Civ. 5688 (JPC), 2021 WL 4429325, at *3 (S.D.N.Y. Sept. 27, 2021). The PLRA requires "proper exhaustion," that is, "compliance with an agency's deadlines and other critical procedural rules," and using "all steps

that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks omitted).

Federal Bureau of Prisons ("BOP") regulations create a four-step procedure through which an inmate may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). In accordance with these regulations, an inmate must first present the issue informally to staff, and staff must attempt to resolve it. *See* 28 C.F.R. § 542.13(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden on a designated "BP-9" form within 20 days of the event that triggered the inmate's complaint. *See* 28 C.F.R. § 542.14(a). If that request is denied, the inmate may submit an appeal to the appropriate Regional Director within 20 days on a designated "BP-10" form. *See* 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office within thirty days of the Regional Director's decision on a "BP-11" form. *Id.* Once a request or appeal is filed, the BOP official who receives it has a set amount of time to respond—20 calendar days for a BP-9, 30 calendar days for a BP-10, and 40 calendar days for a BP-11. *See* 28 C.F.R. § 542.18. If the inmate does not receive a response within the allotted time, the inmate may consider the request or appeal to be denied at that level. *Id.*

This administrative grievance process was available to Plaintiff at the time of the alleged December 2019 assault, yet Plaintiff never filed a formal administrative grievance relating to the medical care he allegedly received or did not receive for his injuries, the alleged "cover up," or the retaliatory conduct alleged in the Complaint. (Def. R. 56.1 ¶¶ 3-5.) Plaintiff also never filed a BP-9 relating to the alleged assault. (*Id.*) Even if Plaintiff believed he could bring his claims to BOP's attention through the disciplinary hearing process, Plaintiff never exhausted his administrative appeal from the DHO decision by filing a BP-11 with BOP's Regional Counsel. (*Id.* at ¶ 5.)

6

Plaintiff's claims should therefore be dismissed for failure to exhaust his administrative remedies.[3]

*See Girard v. Chuttey*, 826 F. App'x 41, 45 (2d Cir. 2020); *Batista*, 2021 WL 4429325, at *3;

*Lowman v. Baird*, No. 16 Civ. 6518 (VSB), 2017 WL 6403519, at *6 (S.D.N.Y. Dec. 14, 2017).

## B.    Plaintiff's Failure to Exhaust Should Not Be Excused

Plaintiff's failure to exhaust his administrative remedies should not be excused because he

cannot establish that the administrative remedy process was unavailable to him. In *Ross v. Blake*,

578 U.S. 632 (2016), the Supreme Court held that administrative remedies are only considered

unavailable if (1) the grievance process "operates as a simple dead end—with officers unable or

consistently unwilling to provide any relief," (2) the process is "so opaque that it becomes,

practically speaking, incapable of use," or (3) "prison administrators thwart inmates from taking

advantage of [the] process through machination, misrepresentation, or intimidation." *Id.* at 643-

44.

Plaintiff does not allege that any of these circumstances were present in this case, and none

of them were. First, there is no indication that the grievance process was an administrative dead

end—Plaintiff simply never pursued administrative remedies for the particular claims he now

asserts. (*See* Def. R. 56.1 ¶¶ 3-5.)[4] Second, "to establish that a grievance program is so opaque that

it is incapable of use, the program must be more than merely ambiguous, it must be 'so confusing

---

[3] "Where it appears from the face of the complaint that a plaintiff concedes lack of exhaustion under the PLRA, or non-exhaustion is otherwise apparent, a court may decide the exhaustion issue on a motion to dismiss." *Thomas v. Metro. Correction Ctr.*, No. 09 Civ. 1769 (PGG), 2010 WL 2507041, at *7 (S.D.N.Y. June 21, 2010). Otherwise, the Court may convert this motion to a motion for summary judgment under Rule 56 with respect to administrative exhaustion. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *Lewis v. Eldridge*, No. 13 Civ. 01485 (ALC), 2016 WL 1718253, at *4 (S.D.N.Y. Apr. 27, 2016).
[4] Plaintiff alleges that he "wrote a complaint" regarding the alleged assault and refusal of medical treatment (Compl. at 4), but does not allege that he attempted to file or actually filed a formal grievance or administrative appeal.

that . . . no reasonable prisoner can use them.'" *Valverde v. Folks*, No. 19 Civ. 08080 (MKV), 2022 WL 836310, at *7 (S.D.N.Y. Mar. 21, 2022) (quoting *Ross*, 578 U.S. at 644); *but see Williams v. Correction Officer Priatno*, 829 F.3d 118, 126 (2d Cir. 2016) (finding, on the specific facts of the case, including that Plaintiff attempted to submit a grievance that was never filed, that the grievance procedure available to a New York State prisoner was so opaque as to be unavailable). The Administrative Remedy Program is clearly laid out in BOP regulations. And Plaintiff has demonstrated his ability to utilize this grievance process—Plaintiff has filed administrative grievances relating to other matters predating December 2019, and BOP records reflect that he has filed 12 formal grievance forms in total. (*See* Def. R. 56.1 ¶¶ 1, 4.)

Third, there is no allegation, much less evidence in the record, that Plaintiff was thwarted from availing himself of the administrative process. Even crediting Plaintiff's allegation that he submitted a written "complaint" regarding the assault to Defendant Kizzier and it was "ignored" (Comp. at 4-5), that would not prevent him from further pursuing the grievance process. There are no allegations that Defendants or others misled Plaintiff regarding the mechanics of the grievance process or discouraged its use. In sum, there is no basis to excuse the exhaustion requirement here, and Plaintiff's failure to pursue the administrative grievance process is fatal to his claims. *See, e.g., Batista*, 2021 WL 4429325, at *4; *Lowman*, 2017 WL 6403519, at *6.

## II.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE A *BIVENS* REMEDY IS NOT AVAILABLE IN THIS CONTEXT

Plaintiff's claims should also be dismissed because he lacks a cause of action against Defendants for damages. Plaintiff's claims arise in a context not previously recognized by the Supreme Court as appropriate for a *Bivens* claim, and this Court should not extend the *Bivens* cause of action here. In *Bivens* itself, the Supreme Court permitted the plaintiff to pursue a damages action against federal officials where plaintiff asserted that federal agents had searched his

apartment and arrested him without a warrant and using excessive force. 403 U.S. at 389. Since

then, the Supreme Court has implied a *Bivens* remedy in only two other cases. First, in *Davis v.*

*Passman*, the plaintiff alleged that she was fired on the basis of sex, in violation of the Fifth

Amendment. 442 U.S. 228, 230 (1979). Second, in *Carlson v. Green*, the plaintiff alleged that

federal prison officials violated the Eighth Amendment by failing to provide adequate medical

care to her son, who suffered a severe asthmatic attack resulting in his death. 446 U.S. 14, 16 n.1

(1980).

The Supreme Court has not recognized a *Bivens* remedy in any new context since 1980,

and it has declined to do so on several occasions. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857

(2017) (citing eight instances from 1983 through 2012 where the Supreme Court declined to extend

*Bivens* to a new context or new category of defendants). In recent years, the Supreme Court has

repeatedly "emphasized that recognizing a cause of action under Bivens is 'a disfavored judicial

activity.'" *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (citing *Abbasi*, 137 S.Ct. at 1856-57).

To determine whether a plaintiff may bring a *Bivens* claim, a court must engage in a two-

step inquiry. The first question is "whether the case presents a new Bivens context—i.e., is it

meaningfully different from the three cases in which the Court has implied a damages action." *Id.*

(internal quotation marks and brackets omitted). "[A] new context arises when there are potential

special factors that previous *Bivens* cases did not consider." *Id*. (internal quotation marks omitted.)

"If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme]

Court, then the context is new." *Abbasi*, 137 S. Ct. at 1859. "A claim may arise in a new context

even if it is based on the same constitutional provision as a claim in a case in which a damages

remedy was previously recognized." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).

If a claim arises in a new context, the court must then determine whether "there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 142 S.Ct. 1803 (internal quotation marks omitted). "In most instances . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Abbasi*, 137 S. Ct. at 1857 (internal quotation marks omitted). Relatedly, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 1858.

Each of Plaintiff's claims here arises in a context that differs from the three *Bivens* actions previously recognized by the Supreme Court, and special factors counsel against permitting Plaintiff's claims to proceed.

A.     **Plaintiff's Claims Present New *Bivens* Contexts**

None of the three *Bivens* contexts recognized by the Supreme Court have involved Eighth Amendment claims—or any other claims—for use of excessive force in a federal prison. *Bivens* itself involved a warrantless search of the plaintiff's home, which is a wholly different context from the assault by a correctional officer alleged here, and one that implicates the Fourth Amendment rather than the Eighth Amendment. Plaintiff's claim for use of excessive force therefore presents a new *Bivens* context.[5] *See Schulte v. Bureau of Prisons*, No. 20 Civ. 2795

---

[5] To the extent Plaintiff is asserting independent claims relating to a "cover up," it is not clear what constitutional provision those would arise under, but they would also present a new *Bivens* context. *See Morrison v. United States*, No. 17 Civ. 6779 (WHP), 2019 WL 5295119, at *3 (S.D.N.Y. Oct. 18, 2019) (finding a "cover-up claim," to the extent it asserted a constitutional violation, was new *Bivens* context).

(PGG) (GWG), 2022 WL 1468017, at *6 (S.D.N.Y. May 10, 2022) (finding a Fifth Amendment claim for excessive force in the course of a prison search to be a new *Bivens* context).

Similarly, none of the *Bivens* actions recognized by the Supreme Court have involved claims for retaliation. *See Ramirez v. Tatum*, No. 17 Civ. 7801 (LGS), 2018 WL 6655600, at *5 (S.D.N.Y. Dec. 19, 2018) ("The Supreme Court has recognized only three Bivens contexts, none of which include retaliation or excessive force."). Indeed, the Supreme Court recently held in *Egbert* that a First Amendment retaliation claim against a U.S. Border Patrol Agent presents a novel Bivens context, as "a new context arises when there is a new constitutional right at issue." 142 S.Ct. at 1807 (internal quotation marks omitted). Thus, to the extent plaintiff is claiming that he was retaliated against for reporting the alleged assault, that presents a new *Bivens* context.

Finally, while Plaintiff's claim for deliberate indifference to his medical needs bears some resemblance to the claims in *Carlson*, which also involved an Eighth Amendment claim for failure to provide adequate medical treatment, there are several key differences. Plaintiff here does not contend that he is suffering from an acute, life-threatening medical emergency, in contrast to the facts in *Carlson*. In that case, defendants were allegedly aware of the seriousness of the prisoner's asthmatic condition and that the medical facilities at the facility where he was housed were inadequate, but they nevertheless not only kept him in that facility against medical advice, but gave him contra-indicated drugs that made his asthma attack more severe, took steps that further impeded his breathing, and delayed before transferring him to an outside hospital. *See Carlson*, 446 U.S. at 16 n.1. Here, the severity of Plaintiff's injuries is of a different magnitude. Plaintiff contends that his injuries from the alleged assault included knee pain, blood in his urine, and swollen testicles, and that these injuries went untreated for approximately a week, he experienced throat tightening in response to a prescribed antibiotic, and he never received results from an

11

ultrasound. (Compl. at 4-5.) Plaintiff does not plausibly allege that medical staff at MCC were incapable of addressing his injuries or that their care exacerbated them. Ultimately, Plaintiff's claims relate to the standard of care provided on the multiple occasions referenced in his complaint when Plaintiff received medical treatment for injuries that he does not characterize as life-threatening; these allegations are meaningfully different from those in *Carlson*. *See Scott v. Quay*, No. 19 Civ. 1075 (MKB) (SMG), 2020 WL 8611292, at *5-*6 (E.D.N.Y. Nov. 16, 2020) (finding plaintiffs' Eighth Amendment claims alleging denial of medical care "over the course of one week in the wake of an emergency partial power outage" presented a different context from "the chronic failure to provide adequate medical care alleged in *Carlson*, which ultimately resulted in the inmate's death").

**B.    Special factors counsel against extending a *Bivens* cause of action to Plaintiff's claims**

Special factors counsel against extending the *Bivens* cause of action to Plaintiff's claims. Congress has created an alternative remedial structure through the Federal Tort Claims Act ("FTCA"), which provides for monetary damages for torts committed by federal employees in the course of their official duties. *See* 28 U.S.C. § 2679(b). Three years after *Bivens* was decided, Congress amended the FTCA to provide for monetary damages for certain intentional torts (which are otherwise excluded from FTCA coverage), including "claims arising out of "assault" and "battery" with "regard to acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h); *see also Carlson*, 446 U.S. at 20 (concluding that Federal Bureau of Prisons officials are law enforcement officials for purposes of this provision). Thus, Congress has designated a mechanism for holding law enforcement liable for intentional torts, as well as medical negligence,

which strongly counsels against implying a judicially-created *Bivens* remedy for the same conduct. *See Abbasi*, 137 S.Ct. 1858.[6]

Moreover, as the Supreme Court noted in *Abbasi,* fifteen years after *Carlson* was decided, Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, which "made comprehensive changes to the way prisoner abuse claims must be brought in federal court." *Abbasi*, 137 S.Ct. at 1865. The Court found it "clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs," yet "d[id] not provide for a standalone damages remedy against federal jailers." *Id*. This, too, counsels hesitation in creating a new *Bivens* remedy in this case. *See Morgan v. Shivers*, 14 Civ. 7921 (GHW), 2018 WL 618451, at *6 (S.D.N.Y. Jan. 29, 2018) ("Congress has legislated in the arena of prisoner rights, suggesting that the courts should not extend a damages remedy in this sphere"). Accordingly, special factors weigh against implying a *Bivens* remedy here and Plaintiff's claims should be dismissed. *See Egbert*, 142 S.Ct. at 1809; *Ramirez*, 2018 WL 6655600, at *5 ("there is no Bivens remedy for retaliation or excessive force claims").

---

[6] More than four decades ago in *Carlson*, the Supreme Court described the FTCA and *Bivens* as "parallel" and "complementary" remedies. 446 U.S. at 19-20. In 2017, the *Abbasi* opinion recognized that the decades of jurisprudence since the *Bivens* decision reflect that "when alternative methods of relief are available, a Bivens remedy usually is not." 137 S. Ct at 1863. Moreover, those alternative methods "need not be perfectly congruent" to preclude a *Bivens* remedy. *Minneci v. Pollard*, 565 U.S. 118, 129 (2012); s*ee also Morgan v. Shivers*, No. 14 Civ. 7921 (GHW), 2018 WL 618451, at *6 (S.D.N.Y. Jan. 29, 2018) ("[D]espite the fact that previously, the FTCA and Bivens were considered 'parallel, complementary causes of action,' the Court believes that, in light of the Supreme Court's recent decision in [*Abbasi*], the existence of the alternative remedial structure is nevertheless a factor counselling hesitation in extending an implied damages remedy . . . .") (quoting *Carlson*, 446 U.S. at 20). That [Plaintiff may not have an available FTCA remedy in this particular case due to his failure to timely bring administrative claims or other procedural bars is immaterial. *See, e.g.*, *Rivera v. Samilo*, 370 F. Supp. 3d 362, 370 (E.D.N.Y. 2019) ("The present unavailability of an FTCA claim is immaterial to the analysis of whether the existence of an adequate alternative process counsels in favor of judicial restraint.").

### III.    PLAINTIFF FAILS TO STATE A CLAIM FOR INADEQUATE MEDICAL CARE ON WHICH RELIEF CAN BE GRANTED

Even if a *Bivens* remedy were available here, Plaintiff has failed to state a claim for deliberate indifference to his medical needs. To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege (1) that he was objectively deprived of adequate medical care and that this deprivation was "sufficiently serious," and (2) that Defendants subjectively acted with "deliberate indifference" to Plaintiff's health. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006); *see also Nisvis v. New York State Dep't of Corr. Servs.*, No. 11 Civ. 2004 (PGG) (GWG), 2013 WL 4757839, at *4 (S.D.N.Y. Sept. 4, 2013).

Under this framework, "not every lapse in medical care is a constitutional wrong." *Salahuddin*, 467 F.3d 279. Rather, "the prison official's duty is only to provide reasonable care," that is, "reasonable measures" in response to an inmate's medical condition. *Id.* at 279-280 (citing *Farmer v. Brennan*, 511 U.S. 825, 844-47 (1994)). Thus, even "[a] claim of medical malpractice 'that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" *Bearam v. Sommer*, 12 Civ. 1858 (RJS), 2013 WL 5405492, at * 4 (S.D.N.Y. Sept. 25, 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Moreover, with respect to whether a deprivation is sufficiently serious, "a short interruption of care, even if the underlying medical condition is serious, does not constitute a serious medical need where 'the alleged lapses in treatment are minor.'" *Ferguson v. Cai, No.* 11 Civ. 6181 (PAE), 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012) (quoting *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003)); *see also Sledge v. Fein*, No. 11 Civ. 7450 (PKC), 2013 WL 1288183, at *5 (S.D.N.Y. Mar. 28, 2013) ("in cases of delayed or inadequate care, 'it's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the

prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes'" (quoting Smith, 316 F.3d at 186)).

Plaintiff has not plausibly alleged an objective, serious deprivation of adequate medical care. As an initial matter, Plaintiff has not alleged that Defendants Darden, Licon-Vitale, or Jordan had any involvement in or awareness of his need for further medical treatment, so to the extent Plaintiff asserts this claim against them, it must be dismissed. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). And while Plaintiff alleges that he "wrote a complaint that was given to Kizzier" that he was "being refused medical treatment" (Compl. at 4), mere "receipt of a prisoner's letters or complaints" is insufficient to establish personal liability for a Bivens claim, Bearam, 2013 WL 5405492, at *7 (internal quotation marks omitted), so any claim for inadequate medical care against Defendant Kizzier must be dismissed as well.

As for the remaining Defendants, Plaintiff has not plausibly alleged a sufficiently serious deprivation of adequate medical care. According to Plaintiff's own allegations, he received medical care approximately a week after the incident and was diagnosed with an infection, provided with antibiotics, and has since been given a hernia belt. (See Compl. 4-5.) Plaintiff suggests that the infection diagnosis was part of a "cover up" (id.), but that conclusory allegation is unsupported. Further, it is evident from Plaintiff's allegations that he continued to receive follow up care. In short, the allegations in the Complaint establish that Plaintiff did receive care, though he may disagree with the course of treatment and still be experiencing pain. To the extent Plaintiff asserts that the care was delayed, the Complaint does not identify how that delay exacerbated his injuries and Plaintiff does not plausibly allege that the delay itself, rather than the underlying

15

injuries, was sufficiently serious. Plaintiff has therefore not plausibly alleged that he received constitutionally inadequate medical care. *See Sledge*, 2013 WL 1288183, at *6 (dismissing Eighth Amendment claim for inadequate medical care where defendant allegedly "delayed and denied" necessary care for injuries including asthma and a swollen finger); *Jusino v. Gallagher*, No. 21 Civ. 689 (SRU), 2021 WL 3726010, at *4 (D. Conn. Aug. 23, 2021) (dismissing Eighth Amendment claim for delay in medical treatment where the plaintiff alleged a 30-day delay in receiving treatment for pain in his shoulder and back).

## IV.   NOT ALL DEFENDANTS WERE ALLEGEDLY INVOLVED IN THE CONDUCT UNDERLYING EACH CLAIM.

To the extent any of Plaintiff's claims survive Defendants' motion, the allegations regarding each claim relate to only a subset of the Defendants and should be dismissed as to the rest. "In the limited settings where *Bivens* does apply, the implied cause of action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983," and as in that context, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 675–76. Rather, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Here, the Complaint does not allege that any Defendant other than Defendant Grijalva used excessive force, so to the extent Plaintiff is permitted to proceed with an excessive force claim, it should be dismissed as to the other Defendants. Similarly, as discussed above (*see* Section III, *supra*), only Defendants Kang and Grijalva allegedly failed to provide or interfered with provision of Plaintiff's medical care. Those claims, if they survive, should be dismissed against the remaining Defendants. Finally, Plaintiff contends that Defendants Darden and Grijalva instructed Kang to revoke certain medical permits after Plaintiff complained of the alleged assault, and

16

Grijalva instructed Kang not to treat Plaintiff. (Compl. at 4.) To the extent the Complaint is construed as asserting that these Defendants retaliated against Plaintiff, any such claim should be dismissed against the other Defendants.

### V.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED.

In addition to seeking damages, Plaintiff seeks to have Defendants "fired" (Compl. at 5), but the "only remedy available in a Bivens action is an award for monetary damages," *Negron v. United States*, No. 19 Civ. 05442 (PMH), 2020 WL 5634304, at *9 (S.D.N.Y. Sept. 21, 2020) (quoting *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)). Plaintiff's request for injunctive relief should therefore be dismissed.

### CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the Defendants.

Date:  New York, New York
          September 23, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:      */s/ Mollie Kornreich*
MOLLIE KORNREICH
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274
Email: mollie.kornreich@usdoj.gov

17