UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZUBEARU BETTIS,

                Plaintiff,

      v.

ROBERTO GRIJALVA, et al.,

                Defendants.

No. 21 Civ. 7505 (GWG)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274
Email: mollie.kornreich@usdoj.gov

MOLLIE KORNREICH
Assistant United States Attorney
– Of Counsel –

Defendants Roberto Grijalva, Jermaine Darden, Marti Licon-Vitale, Cody Kizzier, Yoon Kang, and Angelo Jordan (collectively, the "Defendants"), respectfully submit this reply memorandum of law in further support of their motion to dismiss plaintiff Zubearu Bettis's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## ARGUMENT

**I.   EVEN IF ADMINISTRATIVE EXHAUSION WERE EXCUSED, PLAINTIFF'S CLAIMS SHOULD BE DISMISSED**

Plaintiff's opposition to Defendants' Motion (Dkt. No. 57 ("Opposition Brief" or "Opp.")) does not address Defendants' arguments that (1) Plaintiff's claims should be dismissed because a remedy pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is not available in this context, (2) Plaintiff fails to state a claim for inadequate medical care on which relief can be granted, (3) not all Defendants were allegedly involved in the conduct underlying each claim, and (4) Plaintiff's claims for injunctive relief should be dismissed. Defendants respectfully refer the Court on these points to the Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment. (*See* Dkt. No. 43 ("Moving Brief" or "Mot.") at 8-17.) Plaintiff's claims should be dismissed, for the reasons stated in that submission.

With respect to Defendants' position that a *Bivens* remedy is not available here, Plaintiff requests permission to amend his Complaint "to cure those other deficiencies." (*See* Opp. at 4.) It is not clear from the Opposition Brief what deficiencies Plaintiff is referring to, or what changes he intends to make to his allegations. To the extent Plaintiff seeks to amend his Complaint to address Defendants' arguments beyond the exhaustion issue, no additional allegations would alter the fact that a *Bivens* remedy is not available in this context. (*See* Mot. at 8-13.) None of the three

*Bivens* contexts recognized by the Supreme Court have involved claims for use of excessive force in a federal prison or retaliation. *See Ziglar v. Abbasi*, 582 U.S. 120, 131, 139 (2017) (reviewing prior cases permitting *Bivens* cause of action and explaining that "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new"). Further, Plaintiff's allegations regarding his medical care differ significantly from the circumstances considered by the United States Supreme Court in *Carlson v. Green*, 446 U.S. 14 (1980), and therefore also present a new context—unlike in *Carlson*, Plaintiff does not suggest that he was suffering from a life-threatening medical emergency. For the reasons described in Defendants' Moving Brief (Mot. at 12-13), the Court should not extend the *Bivens* cause of action to Plaintiff's claims. And because additional allegations would not alter that conclusion, the Court should deny Plaintiff's request for leave to amend the Complaint. *See, e.g., Kelly v. Food & Drug Admin.*, No. 23 Civ. 0750 (LTS), 2023 WL 3304464, at *2 (S.D.N.Y. May 5, 2023) ("District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.").

## II.   PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES SHOULD NOT BE EXCUSED

Plaintiff's Opposition Brief is primarily focused on Defendants' argument, as an alternative basis for dismissal, that Plaintiff failed to administratively exhaust his claims. The Opposition Brief seems to recognize that Plaintiff never filed the requisite administrative grievances. (*See* Opp. at 1-4; *see also* Dkt. No. 45 (Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("Def. R. 56.1")), ¶¶ 3-5.) But Plaintiff asserts a number of facts regarding administrative exhaustion for the first time in his Opposition Brief, including that BOP staff generally failed to provide him with a BP-9 form on request (Opp. at 1-2); he was told by Defendant Kizzier that a written complaint regarding the alleged assault would "have the same

2

force and effect of a BP9 [*sic*]" (Opp. at 2); he was told by Defendant Licon-Vitale that her reply to his written complaint "would be the same as a BP9 [*sic*] Reply" (*id*.); and he "did not know about BP-11" until he received "a declaration submitted on behalf of Defendants by a BOP legal assistant," as "MCC NY had no written notice in any handbook about a BP-11" (*id*. at 4). These assertions, even if taken as true, would not excuse Plaintiff's failure to exhaust administrative remedies here.

"A correctional facility's failure to make [grievance] forms available does not relieve a prisoner from the obligation to undertake reasonable efforts to properly exhaust." *Gottesfeld v. Anderson*, No. 18 Civ. 10836 (PGG), 2020 WL 1082590, at *8 (S.D.N.Y. Mar. 6, 2020) (alteration in original) (internal quotation marks omitted). Indeed, Plaintiff asserts that he "wrote on plain paper by hand a complaint detailing CO Grijalva's attack," and Defendant Kizzier purportedly told Plaintiff "on or about January 5, 2020" that his written complaint would be given to the Warden, Defendant Licon-Vitale, and "have the same force and effect of a BP9 [*sic*]." (Opp. at 2.) Plaintiff further asserts that Defendant Licon-Vitale told him "about a week later" that, though she had not received the written complaint, "she was aware of it" and would respond in writing once an investigation was completed, which "would be the same as a BP9 [sic] reply." (*Id*.) Plaintiff does not explain why, if he believed this submission to function as a BP-9, he never submitted a BP-10. (*See* Dkt. No. 44 (Declaration of Michael Cardew), ¶ 9 (explaining that pursuant to 28 C.F.R. § 542.18, if an inmate does not receive a response to a BP-9 within 20 days, the inmate may consider the request denied at that level).)[1] Further, Plaintiff does not assert that he attempted to submit a

---

[1] In *Williams v. Correction Officer Priatno*, 829 F.3d 118 (2d Cir. 2016), the Second Circuit addressed whether the grievance process was available to a state prisoner under the standard articulated in *Ross v. Blake*, 578 U.S. 632 (2016), where the plaintiff alleged that he gave a grievance to a correction officer, but was told shortly after by the superintendent that she was

3

formal grievance regarding any conduct relating to his claims that took place after January 5, 2020. (*See* Opp. at 1-4.)[2]

Plaintiff's failure to attempt to pursue the administrative grievance process is fatal to his claims. *See Macias v. Zenk*, 495 F.3d 37, 40 (2d Cir. 2007). But even if the Court determines that there are open questions of material fact relating to Plaintiff's exhaustion of administrative remedies, Plaintiff's claims should nevertheless be dismissed on the alternative grounds discussed above. (*See* Section I, *supra*.)

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims.

Date: New York, New York
      May 12, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:   */s/ Mollie Kornreich*
MOLLIE KORNREICH
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-3274
Email: mollie.kornreich@usdoj.gov

---

unaware of it, and he never received any indication that it was submitted. The Second Circuit found that the regulations at issue did not "describe a mechanism for appealing a grievance that was never filed." *Williams*, 829 F.3d at 126. Unlike the plaintiff in *Williams*, however, Plaintiff here indicates that he believed that his grievance had functionally been submitted to the Warden, yet he never pursued an appeal.

[2] Plaintiff attempted to appeal a Disciplinary Hearing Officer decision on January 27, 2020 by filing a BP-10. (*See* Dkt. No. 45 ("Def. R. 56.1"), ¶ 4.) That filing was rejected due to the written complaint being illegible, and Plaintiff's efforts to correct it were rejected due to defects in the submission. (*Id.*)

4