```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
ZUBEARU BETTIS,                                                :
                                                               :
                Plaintiff,                                     :   OPINION & ORDER
                                                               :   21 Civ. 7505 (GWG)
        -v.-                                                   :
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
                Defendant.                                     :
                                                               :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Zubearu Bettis filed the original complaint in this case against Lieutenant Roberto Grijalva, Jermaine Darden, Warden Marti Licon-Vitale, Cody Kizzier, Yoon Kang, and Angelo Jordan, all current or former employees of the Bureau of Prisons ("BOP"), based on a claim of the use of excessive force at a federal detention facility. See Complaint, dated Sept. 1, 2021 (Docket # 2) ("Compl."). On June 23, 2023, the Court dismissed his complaint but granted Bettis the opportunity to file an amended complaint if he were able to "cure any of the defects in the original complaint." See Bettis v. Grijalva, 2023 WL 4141869, at *7 (S.D.N.Y. June 23, 2023). The amended complaint was filed on September 12, 2023, naming only the United States as a defendant in the case caption and asserting a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671 et seq. ("FTCA"). See "Amend Complaint to FTCA," dated Sept. 3, 2023 (Docket # 68) ("Am. Compl."), at 1. The Government has moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.[1] For the following reasons, the Government's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted.

---

[1] See Notice of Motion, dated Nov. 20, 2023 (Docket # 77) ("Mot."); Memorandum of

I.     BACKGROUND

The events giving rise to Bettis's complaint are summarized in this Court's decision on the Government's earlier motion, familiarity with which is assumed.  See Bettis, 2023 WL 4141869, at *1-2.  We recount here only the additional matters raised in Bettis's amended complaint and in the briefing that are relevant to deciding the Government's current motion.

In brief, the incidents that give rise to the complaint occurred beginning in December 2019 and possibly continuing until February 2020.  Am. Compl. at 1, 3.  The original complaint in this action was filed on September 8, 2021.  See Compl.  The Government filed its motion to dismiss the original complaint on September 23, 2022.  See Notice of Motion, dated Sept. 23, 2022 (Docket # 42).  After Bettis missed numerous deadlines to respond to that motion (requiring the Court to issue an Order to Show Cause as to why the case should not be dismissed for failure to prosecute, see Order to Show Cause, dated Jan. 17, 2023 (Docket # 54)), Bettis responded to the Government's motion by a filing dated March 23, 2023, see Reply to Def. Motion to Dismiss and Summary Judgment, dated Mar. 23, 2023 (Docket # 57).

On June 23, 2023, the Court granted the Government's motion.  See Bettis, 2023 WL 4141869, at *7.  Because there was no assertion that any administrative claim for a sum certain had been presented as required by the FTCA, see 28 U.S.C. § 2675(a), the Court interpreted Bettis's complaint as seeking to hold the individual defendants liable under the implied cause of

---

Law in Support, dated Nov. 20, 2023 (Docket # 78) ("Mem."); Declaration of John Hayes, dated Nov. 17, 2023 (Docket # 79) ("Hayes Decl."); Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, dated Nov. 20, 2023 (Docket # 80) ("R. 56.1 Statement"); Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings and/or a Motion for Summary Judgment, dated Nov. 20, 2023 (Docket # 81); Plaintiff's Reply to Defendant's Motion to Dismiss, dated Mar. 6, 2024 (Docket # 90) ("Opp."); Letter, dated Mar. 12, 2024 (Docket # 91) ("Pl Letter"); Letter, dated Mar. 21, 2024 (Docket # 92) ("Reply"); Letter, dated Apr. 3, 2024 (Docket # 94) ("Pl. 2nd Letter").

action created by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and its progeny, see also Compl. at 2 (checking box indicating that the legal basis of the claim was "[v]iolation of . . . federal constitutional rights").  The Court held that a Bivens remedy was not available for any of the wrongs alleged in Bettis's complaint.  See Bettis, 2023 WL 4141869, at *3-7.  While the Court dismissed the complaint, the Court gave Bettis an opportunity to amend to cure any defects in the original complaint.  See Bettis, 2023 WL 4141869, at *7.  The Court added:

> We note that we have not construed plaintiff's complaint as raising any claim under the FTCA.  If plaintiff has a basis for pursuing such a claim, he has leave to add such a claim to an amended complaint.  We note (1) that any complaint under the FTCA must name the United States of America as a defendant; and (2) that any claim under the FTCA can only be made if plaintiff has complied with the exhaustion requirements of 28 U.S.C. § 2675(a) and must be timely filed.

Id.

Bettis then filed an amended complaint naming the United States as the sole defendant and alleging claims under the FTCA.  See Am. Compl.  The factual allegations are mostly the same as those provided in the original complaint, with some additions including an allegation that defendant Grijalva "retaliated" against Bettis for previously filing complaints against him by keeping Bettis in the Special Housing Unit ("SHU") "one day past [his] release date."  Am. Compl. at 3.

Plaintiff's amended complaint does not allege that he submitted a written claim to the Bureau of Prisons for a "sum certain" as required by the FTCA and the governing regulation.  See 28 U.S.C. § 2675; 28 C.F.R. § 14.2(a) ("For purposes of [§ 2675], a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . .").  Instead the complaint adds several allegations related to his effort to use

3

the BOP grievance process. For example, Bettis alleges that after the assault, he requested a "BP8" administrative complaint form, but was not given a form and was "assured" by Captain Kizzier "that [Kizzier] would pass [Bettis's] complaint on to the warden and that it would have the same force and effect of a BP 9" form. Am. Compl. at 2. Bettis alleges further that "the people who would or are supposed to issue any BP forms refused to do it[.]" Id. at 3.

On August 31, 2023, approximately two weeks before the amended complaint was filed, BOP received a Standard Form 95 ("SF-95") "Claim for Damage, Injury, or Death" signed by Bettis relating to at least some of the conduct alleged in the amended complaint. See Hayes Decl. ¶ 8 & Ex. D. The claim form sought a sum certain ($10,000). See id. BOP denied the claim on October 3, 2023, several weeks after the Amended Complaint was filed. See Hayes Decl. ¶¶ 8, 9.

On November 20, 2023, the Government filed the instant motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.

II.   LEGAL STANDARD

   A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A case must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff carries "the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." Id. When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based exclusively on the

4

face of the complaint, "the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). If the parties dispute jurisdictional facts, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003) (punctuation omitted) (quoting LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999)).

    B.  Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159 (1970)); accord Morales v. Quintel Ent., Inc., 249 F.3d 115, 121 (2d Cir. 2001) ("[A]ll reasonable inferences must be drawn against the party whose motion is under consideration.").

Once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated

speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases).  In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor."  Anderson, 477 U.S. at 256.  Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case."  Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (citation, alterations, and internal quotation marks omitted).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case."  Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).  "Where it is clear that no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment should be granted."  F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (quoting Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994)).

    C.  Pro Se Litigants

We are mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be construed liberally and interpreted "to raise the strongest arguments that they suggest") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  However, even pro se pleadings must contain factual allegations that "raise a right to relief above the speculative level."  Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

6

III.     DISCUSSION

"The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted). "[T]he existence of [such] consent is a prerequisite for jurisdiction" over claims against the United States. United States v. Navajo Nation, 537 U.S. 488, 502 (2003) (internal quotation marks omitted) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). The sovereign immunity doctrine applies equally to agencies of the United States. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).

Congress has given consent to sue the United States under certain circumstances by enacting the FTCA. The FTCA provides in relevant part that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA thus "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).

Before bringing suit under the FTCA, however, a plaintiff must satisfy the statute's exhaustion requirement, which provides that an action cannot be brought under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); accord McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). As noted, the governing regulation requires that the claim be

7

written and contain a demand for a "sum certain." 28 C.F.R. § 14.2(a); see Manchanda v. Lewis, 2021 WL 5986877, at *3, *5 (2d Cir. Dec. 17, 2021) (affirming necessity of stating "sum certain" in order to properly exhaust administrative remedies) (summary order); Iotova v. Quay, 2024 WL 923931, at *6 (E.D.N.Y. Mar. 4, 2024) ("An inmate may 'present' a tort claim to the BOP by submitting an executed [Standard Form 95 ("SF-95")] or 'other written notification,' accompanied by 'a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]'") (quoting 28 C.F.R. § 14.2(a)).

In addition to the sum certain requirement, any lawsuit may not be instituted until after the relevant agency denies the claim. See 28 U.S.C. § 2675(a). If no written denial is forthcoming, the statute provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." Id.[2]

As the Second Circuit has held, "[c]ompliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist." Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991) (citation omitted); see Kaid v. Tatum, 2024 WL 639331, at *2 (S.D.N.Y. Feb. 15, 2024) ("[U]nder Second Circuit precedent, a plaintiff's failure to exhaust administrative remedies for an FTCA claim deprives the Court of subject-matter jurisdiction over that claim."). Thus, the FTCA's exhaustion requirement is

---

[2] The FTCA also requires that any civil action must be commenced within six months after a denial. See 28 U.S.C. § 2401(b); accord Kourani v. Dep't of Justice, 2024 WL 1765693, at *7 (S.D.N.Y. Apr. 22, 2024).

8

"jurisdictional and cannot be waived."  Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).[3]

"The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim."  In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987).  The "procedural hurdle [of demonstrating exhaustion under the FTCA] applies equally to litigants with counsel and to those proceeding pro se."  Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Bettis's amended complaint alleges that he made a "complaint" shortly after the alleged assault giving rise to the instant action and that "Capt Kizzier assured [him] that [Kizzier] would pass [his] complaint on to the warden and that it would have the same force and effect of a BP 9 . . . ."  Am. Compl. at 2.  This "complaint," however, cannot be deemed to satisfy plaintiff's obligation to "present[]" his claim to BOP under § 2675(a) because Bettis does not show that this "complaint" complied with the requirements of 28 C.F.R. § 14.2 — in particular, the requirement that the complaint be "accompanied by a claim for money damages in a sum certain for injury."  See 28 C.F.R. § 14.2(a).  Indeed, the little information Bettis provides on this complaint — indicating that he "wrote a description of the incident by hand" and gave it to someone in "early January 2020," Am. Compl. at 2 — suggests that it was merely a description of an incident.

---

[3] This principle is not affected by the Supreme Court's decision in United States v. Wong, 575 U.S. 402 (2015), which held that the statute of limitations period applicable to FTCA actions is not jurisdictional.  Id. at 411-12.  As one court noted, Wong "did not address — and therefore did not disturb — the well-established principle that certain prerequisites to filing suit under the FTCA, such as exhaustion of administrative remedies, are jurisdictional in nature."  Mohamed v. F.B.I., 2015 WL 6437369, at *6 (S.D.N.Y. Oct. 21, 2015); accord Barnhill v. Terrell, 616 F. App'x 23, 25 & n.1 (2d Cir. 2015) (summary order); McIntosh v. United States, 2018 WL 1275119, at *6 n.6 (S.D.N.Y. Mar. 7, 2018).

Furthermore, based on case law Bettis references in the amended complaint that addresses the "BP-9" form, see Am. Compl. at 3 (citing Lowman v. Baird, 2017 WL 6403519, at *2 (S.D.N.Y. Dec. 14, 2017)), it appears that the "BP-9" form is part of the multi-step BOP inmate grievance process, not a form for making a claim for money damages, see Lowman, 2017 WL 6403519, at *6 (discussing "BP-8" and "BP-9" forms in the context of the Prison Litigation Reform Act). Thus, Bettis has not shown that this "complaint" satisfied the FTCA's exhaustion requirement. See Roberts v. Amtrack R.R. Co., 2023 WL 6882226, at *4 (S.D.N.Y. Oct. 16, 2023) (dismissing action because plaintiff had "not alleged facts demonstrating that she filed an administrative claim under the FTCA with a federal government entity for damages and subsequently received a final written determination before bringing this action").[4]

Eventually, Bettis did submit a proper claim related to the conduct in the complaint. See Hayes Decl. ¶ 8 & Ex. D. That claim, which was made on a form SF-95, was not received until August 31, 2023, however, shortly before the amended complaint was filed. And it was not denied until October 3, 2023, id. ¶ 9, after Bettis filed the amended complaint. In other words, there was a lack of complete exhaustion both at the time the original suit was filed and at the time the amended complaint was filed. See Manchanda v. Reardon, 2024 WL 259776, at *1 (S.D.N.Y. Jan. 2, 2024) (action subject to dismissal where plaintiff filed complaint two weeks before submitting his SF-95).

In McNeil v. United States, 508 U.S. 106, 112 (1993), the Supreme Court squarely held that in an FTCA suit, "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." Id. at 112. Thus, McNeil mandated dismissal of an

---

[4] The allegations in Bettis's opposition papers similarly fail to make this showing.

FTCA action that had been filed before an administrative claim was submitted and finally denied. Id. at 112-113. The same situation is presented here. As the Second Circuit has held:

> The Supreme Court made clear in McNeil that if a plaintiff files an FTCA claim in federal court prematurely — before the administrative process has been exhausted — the claim should be dismissed, even if it might become ripe at a later date during the pendency of the action. In other words, even assuming that [plaintiff] can now satisfy the exhaustion requirement — a question we do not decide — he must file a new lawsuit to pursue his FTCA claims.

Phillips v. U.S. Postal Serv., 2024 WL 1613897, at *2 (2d Cir. Apr. 15, 2024) (summary order).

A difficult question might have been presented if the amended complaint had been filed after exhaustion took place — that is, after the denial had issued or six months had elapsed. Some case law suggests that the case would have to be dismissed merely because there was no exhaustion at the time the original complaint was filed. See Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) ("Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."). Other case law, however, suggests that where an FTCA claim is presented for the first time in an amended complaint, the amended complaint may proceed as long as the claim was exhausted at the time the amended complaint was filed on the theory that the amended complaint amounts to "an entirely new action." See Scott v. Quay, 2020 WL 8611292, at *11 (E.D.N.Y. Nov. 16, 2020) (allowing an amended complaint to proceed where "the original Complaint did not include any claims under the FTCA or against the United States or the BOP as a defendant; rather, the original Complaint alleged only Bivens claims against [an individual defendant]") (citation omitted) (collecting cases). It is not necessary to reach this issue, however, because exhaustion (in the form of a denial or a lapse of six months

without agency action) had not been completed at the time the amended complaint was filed here. Accordingly, the case must be dismissed for lack of subject matter jurisdiction.

Bettis argues that his original complaint should have been construed as a complaint under the FTCA. Am. Compl. at 5. The Court had good reason not to so construe the original complaint given that it did not allege exhaustion of administrative remedies and explicitly stated it concerned constitutional violations. But even if the Court had so construed the original complaint, it would not have made any difference to the outcome of this case given that plaintiff has not shown that exhaustion occurred at the time the original complaint was filed.

Bettis also suggests that if the Court had construed the original complaint as arising under the FTCA, it would have caused him to submit an SF-95 in "July 2021." Am. Compl. at 5. But this suit was not filed until September 8, 2021, and the Court had no occasion to construe the complaint until the defendants' motion to dismiss was filed in September 2022. For what it is worth, the Court notes that as a result of Bettis's repeated failure to respond to the motion, the Court's decision did not issue until June 23, 2023, long past the two-year deadline for submitting an administrative claim. See 28 U.S.C. § 2401(b). In any case, none of this bears on the issue of subject matter jurisdiction.[5]

Finally, we note that dismissal for lack of subject matter jurisdiction must be "without prejudice" to the refiling of a proper action. See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice.") (citation,

---

[5] Bettis appears to ask that his original complaint itself be construed as the administrative claim required by 28 U.S.C. § 2675. See Am. Compl. at 5. But because a complaint is filed in court and not "presented . . . to the . . . agency" for administrative action, 28 U.S.C. § 2675(a), BOP had no basis for treating the original complaint as the administrative claim contemplated by the statute and regulation.

alterations and internal quotation marks omitted).  While the Government argues that the amended complaint — and, logically, any new civil action if one were filed in the future — must be dismissed because the administrative claim was not submitted to the agency within two years after the claim arose as required by 28 U.S.C. § 2401(b), see Mem. at 11-14, we do not reach this question because we lack subject matter jurisdiction to consider it.

Conclusion

For the foregoing reasons, the Government's motion to dismiss for lack of subject matter jurisdiction (Docket # 77) is granted.  The complaint is dismissed without prejudice.  The Clerk is requested to enter judgment.

SO ORDERED.

Dated: May 7, 2024
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge